GRAVES, Presiding Justice,
Concurring in Result Only.
¶ 50. I agree with the majority that the arbitration provision here is unconscionable. I write separately because the majority addresses issues raised in the principal briefs but not in the petition for writ of certiorari. I would address only the issues which were put before us in the petition for wit of certiorari.
¶ 51. In the petition, the plaintiffs allege that the Court of Appeals incorrectly found that James Braddock possessed the authority to bind his mother to arbitration. At Mittie Moulds’ admission to the nursing home, Braddock signed the admission agreement as her “Responsible Party.” The admission agreement contained an arbitration clause.
¶ 52. In Covenant Health Rehabilitation of Picayune, L.P. v. Brown, 949 So.2d 732 (Miss.2007), and in Vicksburg Partners, L.P. v. Stephens, 911 So.2d 507, 516 (Miss.2005), this Court determined that an elderly nursing home patient’s adult child, acting as a health-care surrogate, could bind the patient to arbitration. The Court did not specifically state that entering an arbitration agreement was a health-care decision covered by Mississippi Code Section 41-41-21, but that is the result of both opinions. The statute provides:
(1) A surrogate may make a health-care decision for a patient who is an adult or emancipated minor if the patient has been determined by the primary physician to lack capacity and no agent or guardian has been appointed or the agent or guardian is not reasonably available.
Miss. Code Ann. § 41-41-21 (Rev.2005). A “health-care decision” is defined as:
(h) “Health-care decision” means a decision made by an individual or the individual’s agent, guardian, or surrogate, regarding the individual’s health care, including:
(i) Selection and discharge of healthcare providers and institutions;
(ii) Approval or disapproval of diagnostic tests, surgical procedures, programs of medication, and orders not to resuscitate; and
(iii) Directions to provide, withhold or withdraw artificial nutrition and hydration and all other forms of health care.
Miss.Code Ann. § 41-41-203 (Rev.2005).
¶ 53. I disagree with the majority of this Court inasmuch as I am of the opinion that a decision to arbitrate is not a healthcare decision. I previously expressed my opinion that entering an arbitration agreement is not authorized by the health-care surrogate statutes and that an arbitration agreement entered by a surrogate is therefore not binding. See Magnolia, *711 Healthcare, Inc. v. Barnes, 994 So.2d 159, 162 (Miss.2008) (Graves, J., dissenting).
¶ 54. The Court of Appeals in the instant case relied on Covenant Health Rehabilitation of Picayune, L.P. v. Brown, 949 So.2d 732 (Miss.2007), and Vicksburg Partners, L.P. v. Stephens, 911 So.2d 507, 516 (Miss.2005), but failed to note this Court’s later opinion in Mississippi Care Center of Greenville, LLC v. Hinyub, 975 So.2d 211, 218 (Miss.2008). In that case, we discussed Brown and Stephens and distinguished them on the basis that the arbitration agreements in those cases had been essential parts of the consideration for those contracts. Hinyub, 975 So.2d 211, 218. Arbitration had not been a necessary precondition in Hinyub. Id. There, the admissions agreement clearly stated that the execution of the arbitration agreement was not a precondition to the furnishing of services to the patient by the nursing home. Id. This Court in Hinyub held that, since the surrogate was not required to sign the arbitration provision prior to the patient’s admission to the facility, then the surrogate lacked the authority to bind the patient to arbitration. Id. In sum, the rule after Hinyub is that the surrogate can bind the patient to arbitration only if the arbitration clause is a necessary, non-negotiable element of the entire admission contract. If the arbitration clause is not a required part of the contract, then the surrogate cannot bind the patient to arbitration. While I do not agree with this current state of the law, it nevertheless is the law.
¶ 55. Here, the arbitration clause was not a required provision of the contract. The plaintiffs submitted an affidavit from an administrator at the Covenant Nursing Home who stated that the patient would have been admitted to the facility even if the arbitration agreement had been refused. The administrator stated that Covenant never refused patients based on a refusal to consent to the arbitration provision. The affiant stated that the surrogate could have opted out of the arbitration clause without consequence. This case should simply be decided based on Hi-nyub. Hence, I concur in result only.